## DAVIS v. STATE.

(Court of Criminal Appeals of Texas. Nov. 1, 1911. Rehearing Denied Dec. 6, 1911.)

1. HOMICIDE (§ 292*)—ASSAULT WITH INTENT —INSTRUCTIONS—ISSUES AND THEORIES OF CASE.

In a prosecution for assault with intent to murder, defendant claimed that the shooting was accidental; that he did not shoot in self-defense; that he pulled the pistol out of his pocket with the intention of defending himself if it became necessary; that the person assaulted and two of the state's witnesses all got up at 'the same time from a crap game, one of them drawing his knife, and another with his hand under his coat in such a way as to lead defendant to believe that he had some weapon; that he thought that all three were about to, or were in the act of, assaulting him; and that he did not shoot at or intend to shoot or kill the person assaulted. *Held* that, on proper requests, defendant was entitled to distinct and affirmative presentation of such issues.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 597–603; Dec. Dig. § 292.*]

2. CRIMINAL LAW (§ 772*) — INSTRUCTIONS — ISSUES AND THEORY OF CASE.

Defendant in a criminal prosecution is entitled on request to a distinct and affirmative, and not merely an implied or negative, presentation of the issues which arise upon his evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1812–1817; Dec. Dig. § 772.*]

3. CRIMINAL LAW (§ 824*) — INSTRUCTIONS — REQUESTS.

Under Code Cr. Proc. 1895, art. 723, as amended by Acts 25th Leg. c. 21, providing that judgments shall not be reversed on appeal unless for prejudicial error which was excepted to at the time of the trial, or on motion for new trial, failure of the court to present issues presented by defendant's evidence is not reversible error, in absence of a request for special charges.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1996–2004; Dec. Dig. § 824;* Homicide, Cent. Dig. §§ 615, 651.]

4. CRIMINAL LAW (§ 830*) — INSTRUCTIONS — REQUESTS.

That defendant's requests for special charges on the issues presented by his evidence are not in every particular correct does not authorize the court to refuse instructions on such issues.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2012, 2017; Dec. Dig. § 830.*]

---

5. HOMICIDE (§ 300*)—ASSAULT WITH INTENT TO KILL—INSTRUCTIONS—SELF-DEFENSE.

In a prosecution for assault with intent to kill, there was evidence by the state tending to show that defendant shot directly at one of the state's witnesses with his pistol under such circumstances as to clearly show that he did so with intent to kill, and evidence by the defendant tending to show that the shot was accidental, and that he did not intend to shoot or kill the witness, and that he did not shoot in self-defense, and tending to show an assault upon the defendant by the witnesses, and his belief that they intended to assault him. *Held*, that no charge on self-defense was necessary.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 614–632; Dec. Dig. § 300.*]

6. HOMICIDE (§ 169*)—ASSAULT WITH INTENT TO KILL—ADMISSIBILITY OF EVIDENCE—THREATS.

In a prosecution for assault with intent to kill, occurring immediately after a crap game, evidence showing what was meant in crap games by the expression, "I won't leave here until I get my man," was admissible.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 341–350; Dec. Dig. § 169.*]

7. HOMICIDE (§ 310*)—ASSAULT WITH INTENT TO KILL—INSTRUCTIONS—AGGRAVATED ASSAULT.

The evidence of the state in a prosecution for an assault with intent to kill tended to show a dispute between the parties growing out of a game of craps; that defendant shot directly at one of the state's witnesses under such circumstances as to show that he did so with intent to kill, and that of the defendant that the shot was accidental, and that he did not shoot at or intend to shoot or kill the witness, nor shoot in self-defense, and that he used his pistol with the intention of defending himself if it became necessary, as he believed that the witnesses intended to assault him. *Held*, that an instruction upon aggravated assault was necessary.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 657–661; Dec. Dig. § 310.*]

Appeal from District Court, Wood County; R. W. Simpson, Judge.

Will Davis was convicted of an assault with intent to murder, and he appeals. Reversed and remanded.

M. D. Carlock, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. The appellant was indicted for an assault with intent to murder, convicted, and given the lowest penalty.

The difficulty out of which this case grew was over a game of craps. The appellant and Tab, whom appellant was charged with assaulting to kill, were engaged in the game. A dispute thereabouts arose between them. The testimony of the state, in effect, shows that appellant shot directly at Tab with his pistol under such circumstances as to clearly show that he did so with the intent to kill Tab, and submitted, in effect, this theory of the case to the jury.

Among other defenses by the appellant was that the shot from his pistol was an accidental shot, and that he did not shoot in self-defense. Another defense was that he pulled the pistol out of his pocket with the intention of defending himself if it became necessary, he testifying, in effect, that he believed that Tab and two other of the state's witnesses all got up at the same time, one of them drawing his knife out of the ground where it had been sticking in front of him, and another with his coat on his arm and his hand under his coat, where he thought that witness had some weapon, and that he thought all three of these parties were about or were in the act of assaulting him, and that he did not shoot at or intend to shoot or kill Tab.

[1] Without taking up each of the several charges requested by appellant to cover these various phases of the appellant's defense, they sufficiently called the attention of the court to the several questions so as to require the court to give affirmatively his defenses to the jury. The court, in its charge, sufficiently presented the question of the accidental shooting. He also presented in the main charge properly the question requiring the jury to believe that the appellant must have shot at Tab with the specific intent to kill him, but did not present even this issue in an affirmative way as the appellant's defense. The appellant by one or more of his charges asked this affirmatively in his behalf, which the court refused. The court did not specifically submit the other question as to the claimed assault upon the appellant by Tab and the other two state's witnesses, and his belief that they intended to assault him, either in an affirmative way as to appellant's defenses or otherwise, directly by the charge. As these matters were presented to the court by requested charges from the appellant and the court refused them, it is our opinion that this constituted reversible error.

[2] There is an unbroken line of decisions of this court which hold, in effect, that a defendant is entitled to a distinct and affirmative, and not merely an implied or negative, presentation of the issues which arise upon his evidence, in order to prevent the jury from ignoring his defenses and to conduct them to a proper verdict if they find his evidence to be true where such issues are specifically requested by special charges of the appellant on the trial.

[3] The earlier cases, in effect, hold that this would be reversible error, even though special charges were not requested. In our opinion this would not be the case unless special charges were requested under the proper construction of article 723 of the Code of Criminal Procedure 1895, enacted in 1897 (Laws 1897, c. 21).

[4] We would not be understood as holding that each of the special charges requested by appellant on these subjects, as they were drawn by him, are in every particular correct, but they do present the questions in such a way as to require the court to ei-

ther give the charges asked or in substance
cover the points in the main charge.

[5] As the evidence in the record shows, no
charge on self-defense was called for.

[6] The testimony by several of the state's
witnesses, showing what was meant in crap
games by the expression, "I won't leave here
until I get my man," was properly admitted,
especially as the appellant himself testified
that such expression may have been used in
such games before, but even we believe it is
admissible if he had denied that the expres-
sion had ever been used before. The state
would not be concluded by his testimony on
that point, and if, as testified to by the state's
witnesses, in substance, that was a common
expression used in such games and meant
what they testified it meant, it would be ad-
missible for the jury's consideration.

[7] It would also be best, if the court sub-
mits aggravated assault, which seems to have
been necessary to be submitted under the
record as made before us, to more fully de-
fine an aggravated assault substantially as
requested by appellant in his special charge.
We think the evidence in this case, as the
record shows it, would not require the court
to submit whether or not Luther Darden and
Richard Williams were accomplices.

We deem it unnecessary to discuss or de-
cide any of the other questions raised by ap-
pellant.

For the errors pointed out, the judgment
will be reversed, and the cause remanded.