## HAMP LEACH v. THE STATE.

### No. 3783.   Decided November 10, 1915.

**1.—Railroad Pass—Evidence—Moral Turpitude—Witness.**

Where, upon trial of unlawfully using a railroad pass, the record showed on appeal that the State had introduced evidence that defendant was indicted for a felony for the purpose of impeaching defendant's testimony, and the certified copies of the judgment of conviction showed that defendant was a mere boy when he committed tne felony for which he was convicted, and that this occurred more than twelve years before the trial of the instant case, and there was nothing to show that defendant had not reformed, the same was reversible error.   Following Vick v. State, 71 Texas Crim. Rep., 50, and other cases.

**2.—Same—Impeaching Witness.**

Where, upon trial of unlawfully using a railroad pass, the defendant sought to impeach the main State's witness by laying a predicate to impeach him, seeking to show that his testimony in certain particulars, was recently fabricated, there was no error in permitting the State to introduce supporting testimony to sustain said State's witness.   Following Jones v. State, 38 Texas Crim. Rep., 87, and other cases.

Appeal from the County Court of Hunt.   Tried below before the Hon. H. O. Norwood.

Appeal from a conviction of unlawfully riding on a railroad pass; penalty, a fine of $100 and thirty days confinement in the county jail.

The opinion states the case.

*Clark & Leddy,* for appellant.—On question of moral turpitude: Bogus v. State, 114 S. W. Rep., 823; Hanks v. State, 117 S. W. Rep., 150; Winn v State, 54 Texas Crim. Rep., 538; Spiller v. State, 61 id., 566; Brown v. State, 56 id., 392; White v. State, 57 id., 196.

On question of supporting testimony:   Reddick v. State, 35 Texas Crim. Rep., 463; Clark v. State, 36 id., 179; Ripley v. State, 100 S. W. Rep., 943; Weaver v. State, 150 S. W. Rep., 785.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for unlawfully using the pass of another to travel free on one of the railroads in the State.

Appellant has a bill of exceptions, which shows that he testified in the case; that, on cross-examination, for the purpose of impeaching him, he was asked by the State if he had not been indicted in Newton County for a felony.   He first answered he did not remember.   Thereupon the State's counsel asked him if it was not a fact that he was indicted for cattle theft in said county, convicted and sentenced to the penitentiary for two years and served out his time, to which he then replied that such was a fact; that, when ihe State's counsel propounded said questions, he had before him a certified copy of the judgment of conviction and sentence, and, thereupon, his counsel asked to be permitted to see the judgment and sentence, which was accorded him.   Upon inspecting

them, he for the first time learned that the date of conviction was June 26, 1903, and, upon further interrogating appellant, it developed that said offense for which he was convicted was committed when he was about fifteen years of age, the trial occurring some two years after the commission of the offense, whereupon he moved the court to strike out said testimony and instruct the jury not to consider it, because it was too remote to affect his credibility, the conviction occurring twelve years previous to this trial, when he was a mere boy. The court overruled this motion and refused to exclude said testimony and order the jury not to consider it, to which he then excepted. That, thereafter, the State's attorney introduced in evidence the said certified copies of conviction and sentence, which showed that he was convicted June 26, 1903, and sentenced July 1, 1903, to serve in the penitentiary two years. That, when these judgments were offered, he objected to their being introduced in evidence, because the time of conviction was too remote to be admissible to affect his credibility, and that he was a mere boy at the time. The court overruled his objection, and he excepted. The only qualification the court makes to this bill is that appellant did not object to the testimony of his said conviction at the time it was offered, and that, at the time he made the motion to strike out the testimony he did not understand that the county attorney's question showed the date of the conviction, and that he first learned the date from an inspection of said judgments.

The true rule on this subject, as stated by this court in Vick v. State, 71 Texas Crim. Rep., 61-62, is laid down in the case of Winn v. State, 54 Texas Crim. Rep., 538, and Oates v. State, 67 Texas Crim. Rep., 488, as follows:

"Testimony of this character after a long lapse of years should not have been introduced where there was nothing in the record to show that defendant has not reformed. In other words, the law will not permit the early indiscretions of a witness to be brought into requisition to besmirch and becloud his subsequent life. To do so, as expressed by Judge Greenleaf in one of the cases cited below, would be to preclude any possible chance of a reform, and would enable State's counsel to parade the early misdeeds of a subsequently useful life to be introduced to becloud and discredit the subsequently honorable and useful life."

This bill shows that appellant was a mere boy only fifteen years old when he committed the said theft for which he has been convicted more than twelve years before the trial of this case, and there was nothing, as shown by the bill, to show that he had not reformed. If the bill had shown affirmatively that he had been convicted or legally charged with felonies between the time of his former conviction and this trial, as we held in the Oates case, supra, then said testimony would have been admissible, but the bill shows no such state of fact. Therefore, the court committed an error in permitting this testimony, as shown by this bill, which results in the reversal of this case.

There is but one other question which it is necessary to pass upon,

and that only in view of another trial. A. M. Kirby was the State's material witness and the only one by whom it could make out its case against appellant. He was the train auditor of said railway company and testified in substance on his direct examination that on December 13, 1914, appellant rode upon the pass issued by said railroad to J. R. Ratliff and that he was positive that appellant was the man who rode on that pass at that time. This was the substance in full of his testimony on direct examination. The appellant, thereupon, put him through a grilling cross-examination, laying the predicate to impeach him on various points by the testimony of others and seeking to show that his testimony in certain particulars was recently fabricated because he had learned that the appellant had some two or three witnesses to impeach him.

We think it unnecessary to point out the various matters wherein appellant sought to impeach him and introduced witnesses subsequently whose testimony was directly in impeachment of him in various particulars. Such being the case, the State could clearly support him by the testimony in the various particulars pointed out in appellant's bills of exception on that point. Hence, the court committed no error in permitting the supporting testimony objected to by appellant's several bills on that subject. Jones v. State, 38 Texas Crim. Rep., 103 and 115; English v. State, 34 Texas Crim. Rep., 200; Mitchell v. State, 36 Texas Crim. Rep., 302; Reddick v. State, 35 Texas Crim. Rep., 469; Akin v. State, 56 Texas Crim. Rep., 329; Messer v. State, 43 Texas Crim. Rep., 109; Keith v. State, 44 S. W. Rep., 850.

Reversed and remanded.

*Reversed and remanded.*