## S. E. SHIPP V. THE STATE.

No. 9900.   Delivered March 17, 1926.

Rehearing denied May 12, 1926.

1.—Manslaughter—Evidence—Impeaching Accused—Remoteness of Offense—Rule Stated.

Where the accused, on his trial, has testified as a witness, there is no fixed and arbitrary time within which other offenses charged against him, affecting his credibility as a witness, may be held too remote to have probative force. The receipt of such testimony should primarily be determined by the trial judge, after an investigation, in the absence of the jury, to determine whether, under the ascertainable facts, the act is too remote. The exercise of such discretion being subject to review, and in case of abuse, to be revised.

2.—Same—Bill of Exception—Incomplete—No Error Shown.

Where appellant complains of the receipt of impeaching testimony of another offense charged against him, occurring in 1916, the indictment on which he was being tried having been returned in 1925, on the ground that the former offense was too remote, the bill of exception presenting the matter should be accompanied by a sufficient recital of the facts to enable this court to determine its merits. Appellant's bill in this particular being incomplete presents no error. See Ard v. State, 267 S. W. 263, and other cases cited.

ON REHEARING.

3.—Same—Impeaching Accused—Remoteness of Offense—Rule Stated.

Where an objection is made to the proof of another offense against appellant, offered for the purpose of impeaching him, because such offense was too remote, in that it was about nine years before the trial, would not alone warrant the rejection of such evidence. Nothing in appellant's bill sheds any light on the surroundings, antecedents, or subsequent history of the witness thus attacked. See cases illustrative, Scoville v. State, 77 S. W. 792; Couch v. State, 279 S. W. 825; Bibb v. State, 86 Tex. Crim. Rep. 117, and Brown v. Perry, 34 S. W. 725, where thirty years was held not too remote.

Appeal from the District Court of Kendall County. Tried below before the Hon. R. H. Burrey, Judge.

Appeal from a conviction of manslaughter, penalty two years in the penitentiary.

The opinion states the case.

*W. P. Mahaffey* and *E. B. Simmons,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Under an indictment for murder appellant was convicted of manslaughter, punishment fixed at confinement in the penitentiary for a period of two years.

At what period of time testimony of a prosecution for an act of the accused which is discrediting to his veracity becomes too remote to warrant its receipt in evidence seems to the writer one that cannot be arbitrarily determined by the courts. Entering into the relevancy of such testimony there would seem to be many circumstances. For example, the period of the life of the accused at which the discrediting act took place and his subsequent conduct are elements that must be taken into account. Supposing the accused to be a youth, indiscretion amounting to a criminal offense committed by him ten years previous at a time when he was a mere child of tender years would seem, in the absence of supporting testimony showing prosecutions indicating continued evil disposition, to be too remote. Supposing the accused to be of middle age or more and the discrediting fact to have taken place ten years or more antecedent to the time the proof of it was offered in evidence, his freedom from accusations of crime during the intervening space of time would seem of weight upon the relevancy of the proof. In the due administration of justice, the idea of reform—the fact that an individual once bad may have amended his ways—is not to be ignored by the courts. One may have been bad and become good or may have borne an excellent character and a good reputation at no distant time and had become profligate and criminal in his tendencies. This court has oftentimes been called upon to consider, and has considered, the admissibility of testimony to the effect that the accused had been charged with an offense at some time previous to that for which he was on trial, but it has never, so far as the writer is aware, undertaken to fix arbitrarily and absolutely a space of time which would characterize such testimony as too remote. In the opinion of the writer, the nature of things precludes such a declaration. The receipt of such testimony should primarily be determined by the trial judge after an investigation in the absence of the jury to learn whether, under the ascertainable facts, the act is too remote. The exercise of such discretion is subject to review and, in case of abuse, to be revised.

From the bill of exceptions we get this information and no more: Appellant, after testifying as a witness, was asked upon cross-examination, if in Bexar County in 1916, he had not been indicted for the offense of attempting subornation of perjury

Objection was made upon the ground that it was too remote to be relevant, either upon the credibility of the appellant or as bearing upon his plea for a suspended sentence. The objection was overruled and exception reserved. From the information conveyed in the bill of exceptions, it seems clear that this court would not be able to determine that the receipt of the testimony was not proper. In order to determine whether error was committed in the receipt of the evidence, this court is not called upon to make an examination of the statement of facts. The bill of exceptions should be accompanied by a sufficient recital of the facts to enable the court to court to determine its merits. See Ard v. State, 267 S. W. Rep. 263; Coulson v. State, 277 S. W. Rep. 135; Carter v. State, 277 S. W. Rep. 395; Emilio de Pombo, 279 S. W. Rep. 263. In each of these cases will be found citations of many earlier announcements of this court.

The conclusions stated concerning the subject of remoteness are deduced from an examination of the precedents in this and other states. We have taken particularly note of those to which we have been referred by the appellant.

The Bowers case, 71 S. W. Rep. 284, quotes from 1 Genrl. Ev. (16th Ed.) p. 925, Sec. 495, as follows:

"The examination being governed and kept within bounds by the discretion of the judge, all inquiries into transactions of a remote date will, of course, be suppressed; for the interests of justice do not require that the errors of any man's life, long since repented of, and forgotten by the community, should be recalled to remembrance and their memory be perpetuated in judicial documents at the pleasure of any future litigant. The State has a deep interest in the inducements to reformation held up by the protecting veil which is thus cast over the past offense of the penitent. But where the inquiry relates to transactions comparatively recent, bearing directly upon the present character and moral principles of the witness, and therefore essential to the due estimation of his testimony by the jury, the learned judges have of late been disposed to allow it."

Applying the principle stated in the text to the facts in hand, it showed that the proffered testimony related to an offense committed by the accused fifteen or seventeen years antecedent to the trial, and the court held that the evidence should have been rejected.

In Dyer's case, 77 S. W. Rep. 456, in reversing the case upon other grounds, the court remarked that upon another trial a

prior offense committed twenty years before should not be proved.

In Winn's case, 113 S. W. Rep. 918, the evidence related to an offense some thirteen or fourteen years prior to the trial. In holding the rejection of this testimony error, the court said:

"Testimony of this character after a long lapse of years should not have been introduced, where there was nothing in the record to show that defendant has not reformed. In other words, the law will not permit the early indiscretions of a witness to be brought into requisition to besmirch and becloud his subsequent life."

In Leach's case, 180 S. W. Rep. 122, the extraneous crime was committed when the accused was about fifteen years of age and about twelve years before the trial. Considering that at the time the offense was committed the accused was a mere boy and the intervening space of a period of twelve years and there being nothing in the bill to show that the accused had not reformed, the testimony was characterized as too remote.

The Marks case, 78 S. W. Rep. 512, seems without bearing upon the subject inasmuch as the extraneous crimes proved were misdemeanors, not involving moral turpitude. The court properly held them inadmissible.

Bullington's case, 180 S. W. Rep. 679, as we understand it, is but confirmatory of the preliminary views expressed by the writer of this opinion, namely, that before receiving testimony which it is claimed is too remote, the court should ascertain in a preliminary way the grounds upon which its admission or rejection is sought; and where it is made to appear that after an offense committed fourteen years before the trial the accused has been charged with no act incompatible with an upright life, proof of the prior conduct should be rejected as too remote.

In the present case, as stated above, the bill of exceptions gives no such information as would enable us to determine that the trial court was in error in receiving the testimony. We learn from the statement of facts that the appellant was a man of mature years, though his exact age is not revealed. He had been a contractor, however, for fourteen years. According to the state's testimony, while the appellant and Basilo Sanches, the deceased, were drinking whiskey together, appellant suddenly tore the shirt of the deceased, who then used an epithet towards the appellant, and soon thereafter the appellant shot

him. Appellant testified in his own behalf to circumstances tending to mitigate the offense and to raise the issue of self-defense.

We have observed nothing in the statement of facts which would lead us to the conclusion that in the cross-examination of the appellant of which complaint is made, there was a deflection from the rules of evidence as they have been heretofore applied in this State and in other jurisdictions. See Underhill's Crim. Ev., 3rd Ed., Sec. 142.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In our former opinion we discussed at length what should appear in a bill of exceptions complaining of the remoteness in time of offered testimony of former criminal charges or convictions whose purpose was to affect the credibility of a witness. The contention here is that a mere objection that the felony charge made against the witness, was at or near nine years before the trial, was enough to justify a holding that it was too remote. Nothing in the bill sheds light on the surroundings, antecedents, or subsequent history of the witness thus attacked. We think this matter correctly decided in our former opinion, but cite additional authorities on the question of remoteness. In Scoville v. State, 77 S. W. Rep. 792, nine years was held not too remote. In Couch v. State, 279 S. W. Rep. 825, eight years was so held. In Brown v. Perez, 34 S. W. Rep. 725, under the facts of that case, thirty years was held not too remote. In Bibb v. State, 86 Texas Crim. Rep. 117, a period beginning eight years prior to the trial and extending further back, was held not too remote.

The motion for rehearing will be overruled.

*Overruled.*