AL BROYLES v. THE STATE.

No. 13076.  Delivered April 23, 1930.
Reported in 27 S. W. (2d) 207.

The opinion states the case.

B. W. Patterson of Cisco, for appellant.

A. A. Dawson, State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, rape; penalty, seventeen years in the penitentiary.

The indictment is in two counts, the first charging rape by force and the second rape of a female under the age of eighteen years. Appellant was convicted under the second count.

The testimony for the State shows that appellant had carnal knowledge of the prosecutrix, she at the time lacking a few months of being eighteen years of age.  Appellant admitted the act of intercourse but defended upon the ground that the female was of previous unchaste character.

Five bills of exception appear in the record, all relating to the improper conduct of the District Attorney in examining the appellant, who testified as a witness for himself.  These bills of exception are in part in question and answer form and the State has moved to strike these because there is no certificate of the judge appended showing the necessity for questions and answers.  Since the matter presented relates solely to alleged improper questions and answers thereto, the bills show upon their face that it was necessary to thus draw them, since it would be impossible to appraise the

merits of these bills without such questions and answers being set out. 4 Tex. Jur., Sec. 242, P. 360. The motion of the State is therefore overruled. These bills are too lengthy to set them out in haec verba.

Bill No. 1 contains in part the following cross-examination of appellant by the District Attorney:

"You got in trouble over at Chickasha, Oklahoma, didn't you." Whereupon counsel for appellant objected to the propounding of such question for the reason that the State had not shown that there was a complaint or indictment by grand jury, charging the defendant with any offense and said district attorney, in the presence and hearing of the jury, replied to said objection, "I will show it. Wait until I ask the question."

"Q. You were arrested and tried on a statutory charge in Chickasha, Oklahoma, weren't you?

A. No, sir.

Q. Did you get into any trouble over there?

A. I did with my wife. * * *

Q. Were you tried in Chickasha, Oklahoma, on any kind of a felony charge?

A. No.

Q. Were you ever tried in Chickasha, Oklahoma, involving moral turpitude?

A. No, sir."

This bill further recites that the State failed to offer any evidence on the trial tending to show that appellant was ever charged by complaint or indictment with a felony or any offense involving moral turpitude in Chickasha, Oklahoma.

The following appears in Bill of Exception No. 2:

"Q. Now, isn't it a fact that at Lawton, Oklahoma, you was charged with assaulting a thirteen year old orphan girl in Lawton, Oklahoma?

A. No sir. * * *

Q. What were you charged with in Lawton, Oklahoma?

A. I was charged with illicit relations with a girl in Lawton, Oklahoma.

Q. A thirteen year old girl, wasn't it?

A. No, sir.

Q. That was in 1915, wasn't it?

A. No, sir."

604

Upon objection that the State had not shown that any indictment was ever returned, the Court struck this from the consideration of the jury.

We take the following from Bill of Exception No. 3:

"Q. Were you arrested on a federal charge of white slavery in Muskogee, Oklahoma?

A. No.

Q. Were you put in jail?

A. No, not in Muskogee.

Q. What place was it that you were tried in the federal court on a white slavery charge?

A. I was tried in Muskogee, Oklahoma.

Q. On what kind of a charge?

A. For living with my wife—supposed to have been living with my wife after I was divorced from her."

This was objected to because the time of the alleged transaction was not fixed and it was not shown that the prosecution was under any complaint or bill of indictment by a grand jury. The Court overruled the objection and admitted the testimony.

Bill of Exception No. 4 shows that over objection of appellant that the same was too remote, the District Attorney asked and received the following answers from appellant:

"Q. Well, you were tried and convicted down at Benjamin, Texas, on a felony charge?

A. I was.

Q. And sent to the penitentiary?

A. I was. * * *

Q. When did you get out of the penitentiary?

A. I think it was in 1919."

After the date had been developed as having been more than ten years preceding the trial, the Court struck this testimony from the jury.

We take this from bill of exception No. 5:

"Q. Were you ever placed in jail and tried on a felony charge down at Childress, Texas?

A. No, I was put in jail on them but not tried.

Q. This man (indicating) right over here, Jim Crane, former Sheriff of Childress County has put you in jail, hasn't he?

A. No, sir."

Thereupon the Court announced that he would sustain appellant's said objection. The objections interposed at the time the questions were propounded appear to have been that there was no trial of

appellant on indictment charging him with any felony or offense involving moral turpitude.

The combined effect of the various proceedings related above could not have been other than of a highly prejudicial character that tended directly to prove that appellant was a criminal generally. With a seventeen year verdict as the penalty we are not able to say that this was harmless error. As presented in these bills practically all of this testimony was inadmissible. The oft quoted rule is here repeated:

"Proof of mere accusations against, or evidence of particular acts of misconduct, is not admissible to affect the credibility of a witness. Defendant or any other witness can only be impeached as to other offenses by showing that he has been legally charged with a felony or with a misdemeanor imputing moral turpitude." Branch's P. C., Sec. 168.

See Rosa v. State, 86 Tex. Crim. Rep. 651, where the rule as to improper questions is stated and the authorities on the subject collated.

Under these authorities we feel compelled to order a reversal of this case. There might be circumstances under which remote indictments are admissible. This question is exhaustively discussed in the case of Shipp v. State, 104 Tex. Crim. Rep. 185, and is again referred to in the late case of Anderson v. State, 21 S. W. (2d) 499. These authorities will be a sufficient guide for the trial court in the future.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.