LAWRENCE LATTA V. THE STATE.

No. 16124. Delivered November 15, 1933.
Reported in 64 S. W. (2d) 968.

The opinion states the case.

*G. B. Fenlay,* of Uvalde, and *Morriss & Morriss,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of murder and his punishment assessed at confinement in the state penitentiary for a term of two years.

The salient facts as disclosed by the record are as follows: On the 5th day of January, 1929, the appellant intermarried with Estelle Calk. After they were married they lived on a ranch on the Pecos River and then moved on a ranch in Brewster county where they resided in the latter part of the year 1931 when they moved to the town of Del Rio. On the 8th day of March, A. D. 1932, the appellant killed his wife by shooting her with a pistol. The appellant contended that it was accidental while the state contended it was intentional. At the time of the alleged homicide and for some time prior thereto the appellant and his wife occupied an apartment in the Colonial

Apartments in the town of Del Rio, Texas. The Colonial Apartments were owned by Ed. Earwood who was also living in said apartments besides some other persons. A few minutes prior to the unfortunate occurrence the deceased was at her mother's home and while she was there the appellant called over the telephone to Mrs. Calk's home and asked if his wife was there. Upon being informed that she was he asked to have her come to the phone so he could talk to her, whereupon she came to the telephone and appellant asked her if she was through, to which she replied: "Just about. I will be up in a few minutes." Within a few minutes she did appear at the apartment, entered the same, and went down the hall toward her apartment. She again reappeared in the hallway and asked the proprietor, Mr. Earwood, if she could put some things in a vacant room next to her apartment, which permission was readily granted. The appellant claimed that at the time the pistol was discharged he was in the doorway or in the hallway of his apartment; that he had the pistol in his hand and also a part of a grapefruit and while endeavoring to close the door the pistol exploded and the bullet passed through the door of the vacant room in which the deceased was, having carried some things in there, striking her in the breast and killing her almost instantly. Upon the report of the pistol two ladies who were living at said apartments appeared at the door of their apartment and told Mr. and Mrs. Earwood that "some one had shot back there," whereupon Mr. and Mrs. Earwood proceded to the rear of the apartment where they found the appellant leaning a little bit with his right shoulder against the door facing leading into the vacant room, and he told Mr. and Mrs. Earwood, "I did it; I killed my wife; I killed the best pal I ever had." The state introduced a number of witnesses who testified to various disagreements between the appellant and his wife but none of a very serious nature, the most serious instance being related by Mrs. Calk, who testified as follows: "In the. month of October, 1930, Estelle and Lawrence had some difficulty about groceries being placed in the car. It was after dark and he told her she had to put the groceries back into the car and she said she would not do it. I ran out on the back porch and he had her thrown across the foot of an iron bed and was about to break her back; she hollered awful loud and I took him by the hair of his head and pulled him off." This we deem a sufficient statement of the salient facts for an understanding of the case.

The appellant has interposed various objections to the court's charge, among them that the court's charge it too restrictive and does not affirmatively apply the law to the facts.

constituting his defensive theory. We have carefully examined the charge of the court and believe that the appellant's contention is well founded. It is a rule which has been followed by an unbroken line of decisions in this state that one accused of a crime is entitled to a distinct and affirmative application of the law to his defensive theories. As was said in the case of Davis v. State, 141 S. W., 93: "There is an unbroken line of decisions of this court which hold, in effect, that a defendant is entitled to a distinct and affirmative, and not merely an implied or negative, presentation of the issues which arise upon his evidence, in order to prevent the jury from ignoring his defenses." While the court in a general way instructed the jury that no act done by accident is an offense and that if they believed from the evidence the shooting was accidental and not intentional on the part of the defendant, then in that event the homicide was excusable, or if they had a reasonable doubt thereof, then they should find the defendant not guilty, the defendant is entitled to have his defense presented in a distinct and affirmative manner which the charge of the court in this case does not fully accord to him. The court should have instructed the jury that if they believed from the evidence that the defendant did not know that the deceased was in the vacant room, and that the pistol was fired without any intent to injure or kill deceased, or if they had a reasonable doubt thereof, then they should acquit him.

By bill of exception No. 5 appellant complains of the action of the court in permitting the state, over the objection of the appellant, to prove by Mrs. J. P. Calk (mother of deceased) that about 5:30 P. M. on the evening that deceased received the mortal wound and some 30 minutes before her death, that deceased came to her home (the home of the witness) and looked as if she was crying and when asked by the witness what was the matter and why she was crying she, the deceased, did not say anything but put her face in her hands. We do not believe that this testimony was admissible under the circumstances detailed. It clearly appears that the appellant was not present and no evidence was offered to show what caused the deceased to cry, if she was crying, or that the appellant had any connection therewith or was responsible therefor. Wooley v. State, 64 S. W., 1054; Young v. State, 55 S. W., 331; Archer v. State, 263 S. W., 305.

By bill of exception No. 20 appellant complains of the action of the trial court in permitting the district attorney to ask the appellant on cross-examination if he was not indicted by the grand jury of Val Verde county at the October term, A. D.

1924, of the offense of swindling, to which the appellant objected because it was irrelevant, immaterial, and too remote, which objection was overruled by the court and the witness was required to answer that he was so indicted but the case was dismissed; thereupon the appellant asked the court to instruct the jury not to consider the same for any purpose, which the court declined to do. In this we believe the trial court erred. Whether the death of appellant's wife was due to an accidental or intentional act on the part of the appellant was the very essence of the issue and to permit the state to introduce testimony showing that the appellant had been indicted some eight years prior to this trial of the offense of swindling which charge was finally dismissed was prejudicial. The indictment in the swindling case was not any evidence of guilt and the only purpose for which said testimony was admissible was to discredit the appellant as a witness. It appears from the record that in the year 1924, when the appellant was indicted for the offense of swindling, he was a young man and that no other charge of any kind had been brought against him since then. Therefore, he must have traveled the straight and narrow path or his delinquency would have cropped out at some time during said eight years. It is not the intent of the law that when a person at one time transgresses against the laws of his country to condemn him for all time to come notwithstanding he has reformed. We believe appellant's objection should have been sustained, and in support of our views we cite the following cases, to-wit: Shipp v. State, 283 S. W., 520; Anderson v. State, 21 S. W. (2d) 499.

By bill of exception No. 22 the appellant complains of the action of the court in permitting the district attorney in his closing argument to state to the jury. "We find Del Rio lawyers with him and we find a few hours later this bullet hole cut," to which the appellant objected, which objection was by the court overruled and thereupon the appellant submitted a special charge in which the jury were instructed not to consider said argument for any purpose, which special instruction was refused by the court and appellant excepted. It appears from the record that soon after the appellant was placed in jail two lawyers appeared at the jail and conversed with appellant. Some one cut around the bullet hole of the door which was made by the bullet that killed the deceased but there was no evidence that same was done by the appellant or at his request or with his knowledge and consent. He should not be chargeable with the act of some other person unless same was done at his re-

quest or at his direction or with his consent. We beleve in this there was error.

By bill of exception No. 23 the appellant complains of the action of the trial court in permitting the district attorney in his closing argument to use the following language: "When the sheriff asked him if he wanted to make a statement we find him answering 'no, no'; he didn't want to make any statement; he wanted to tell nothing about how he claimed this thing happened until he got before this jury of Uvalde county," to which the appellant objected and which objections were by the court overruled and the defendant then and there excepted. It appears from the record before us that immediately after the fatal shot was fired the appellant phoned for the sheriff and the sheriff appeared upon the scene about the time that the mother of deceased appeared there; that the mother of deceased walked up to the appellant and hit him in the face, whereupon the sheriff took him into a room and when the sheriff asked him if he wanted to make a statement he said "No." However, the sheriff testified that when the appellant phoned him he, the appellant, said to the sheriff, "Come and get me; I have killed my wife accidentally." It does not appear from the record that the sheriff had given the appellant the statutory warning at the time he asked him if he wanted to make a statement. It is manifest that the appellant was in the charge of the sheriff at the time and therefore unless he was warned that any statement which he may make would be used against him upon a trial, the same could not be used even though he made a statement in writing. However, the appellant did not object to the introduction of this testimony. Had he done so said testimony would not have been admissible and the argument based thereon improper.

For the errors herein above pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.