### GABRIEL PRENDEZ v. THE STATE.

No. 17021. Delivered November 21, 1934.
Rehearing Denied January 2, 1935.
Application for Leave to File Second Motion for Rehearing Denied (Without Written Opinion) January 23, 1935.
Reported in 77 S. W. (2d) 660.

The opinion states the case.

*Phil B. Foster,* of Del Rio, and *Morriss & Morriss,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for assault to murder without malice, punishment being assessed at two years in the penitentiary.

The injured party (Manuel Bosquez), appellant and most of the fact witnesses testified through an interpreter, the result being that in some particulars the evidence is somewhat confusing, but as we understand it the case on the facts may be briefly stated as follows. The assault occurred on the night

of December 20, 1931. About three weeks before Bosquez had loaned appellant a dollar. On the night in question Bosquez in company with some of his friends met up with appellant. The meeting seemed to be casual. Bosquez called to appellant and asked for re-payment of the loan. According to the State's testimony appellant resented being asked for the dollar in the presence of Bosquez's companions. After some words passed between them appellant took a knife from his pocket, and without opening it placed it against Bosquez's breast and began to strike him in the face with his left hand. Appellant then handed his knife to one Morales after which appellant and Bosquez engaged in a fist fight which lasted several minutes. They then shook hands and as the witnesses expressed it "remained friends." Morales returned the knife to appellant and apparently chided him for letting Bosquez get the better of him in the fight. At this point the evidence for the State and appellant sharply diverges; that for the State shows that appellant opened his knife and Bosquez ran, being followed by appellant; that Bosquez stooped down in an effort to get a rock, at which time appellant stabbed him behind the shoulder, inflicting a serious wound. The testimony for appellant was to the effect that when they met, Bosquez apparently pressed the matter of collecting the dollar from appellant and was the aggressor in precipitating the fist fight, and after it was over and the parties had shaken hands, and the knife had been returned to appellant he stooped over to pick up his hat and coat, at which time Bosquez threw a rock which struck appellant in the face; that he then cut Bosquez to prevent him from continuing the attack with other rocks.

In order to present the issues raised by the evidence the trial judge found it necessary to submit the case to the jury in a charge which occupies eleven pages in the transcript. The charge was not excepted to but eight special charges were requested. The court properly refused the first one which was a peremptory instruction of acquittal. The others were refused because they were thought to be covered in the main charge. All of the special requested charges have been examined in the light of the instructions given. It would extend this opinion unduly to set out the special charges or discuss them separately, but we conclude that the court's charge sufficiently covered and presented the issues to which the special charges related. We observe that most of the special charges would have told the jury that "if you believe there is evidence *tending to show,* etc." Such a charge seems improper. There might be some

evidence which "tended" to show a certain thing, but other evidence directly to the contrary, and application of the law should be to the facts found by the jury to exist, and not as the evidence "tended" to show.

Bill of exception number one shows that while the sheriff was testifying he described a little knot and a skinned place which were on appellant's face at the time of his arrest. He was asked by appellant's counsel if appellant told witness how the wound was received. The State objected that the answer would be self-serving, as there was nothing to bring the statement within the rule of res gestae. The bill is incomplete in that it fails to show what answer was expected from the sheriff to the question asked. See Branch's Ann. Tex. P. C., sec. 212, and authorities cited. Also, 4 Texas Jurisprudence, sec. 221, p. 323, and authorities annotated.

Bill of exception number two brings forward complaint that in the cross examination of appellant as a witness in his own behalf he was asked by the district attorney, evidently for the purpose of impeachment, if he was not the same man who had been indicted in the District Court of Val Verde County "seven years ago this month for murder," and over objection appellant answered "Yes, sir." The only objections were that the same was immaterial, irrelevant and had no bearing on the case. The district attorney then followed with this question: If appellant was not the same person who had been indicted and convicted in the United States District Court at Del Rio eight years ago for the offense of *"transportation and concealing"* of intoxicating liquor. Appellant's counsel objected to that question as follows: "We object to this and also the other because it is too remote, and there is no connection between this offense and the others charged, and no evidence tending to show whether or not the man had changed his ways since the indictments and conviction." The learned trial judge sustained the objection to the second question and appellant was not required to answer it, the court appearing to be under the impression that the question relating to the transaction eight years before the present trial was about a matter which was too remote. The record shows that appellant was thirty-two years of age at the time of this trial and was therefore twenty-five years of age at the time he was indicted for murder. The assault for which he is now upon trial occurred about four years after the indictment had been returned against him for murder in the former case. The inquiry with reference to the indictment for murder was regarding a transaction which was

not too remote. We find nothing in Shipp v. State, 104 Texas Crim. Rep., 185, 283 S. W., 520, or Anderson v. State, 113 Texas Crim. Rep., 454, 21 S. W. (2d) 499, contrary to such view. We call attention to the cases cited in the opinion on rehearing in Shipp's case, supra. The inquiry with reference to the indictment seven years before being proper, we think the inquiry with reference to the indictment and conviction in the United States Court eight years before would also be proper provided the conviction there was for a felony. We are not advised with reference to that matter. No objection was urged to the inquiry because it was in regard to a conviction which was not a felony. The chief objection appeared to be because of its remoteness. In the absence of an answer the question alone could not under the circumstances under which the incident occurred, and the objections urged, be regarded as calling for a reversal. It is not to be understood from the language in Latta v. State, 64 S. W. (2d) 968, that an inquiry regarding a transaction eight years prior could in every case be improper. It must necessarily depend on the facts of the particular case.

Bill of exception number three brings forward complaint because the court did not permit the witness Pedro Hernandez to be asked a question the purpose of which was to lay a predicate to impeach him. The bill seems to be without merit for two reasons; first, it is incomplete because it does not set out what answer was expected of the witness Hernandez regarding the matter, and also because it seemed to be an effort to impeach him upon an immaterial matter.

Bill of exception number four appears to be only the formal reservation of exceptions to the court's refusal to give the special charges which were requested. The action of the court in regard to that matter has been heretofore disposed of.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant has filed an extended argument in support of his motion for rehearing, which has been read and considered. The main point stressed therein is the failure of the court to put before the jury what is claimed to be the reliance of appellant,—that is, that he advanced upon the injured party and cut him because the latter was endeavoring to pick up a rock,—was stooping over and trying to get the rock up at the time appellant cut him. We have reviewed the facts in order that we might correctly appraise this proposition.

Appellant testified in his own behalf. He said that after meeting Bosquez, the injured party, he demanded of him payment of a dollar, and that this demand led to a fight between the two. Appellant said that he had a knife, but gave it to Morales while he and Bosquez engaged in a fist fight, after which he says they separated and "Remained friends." He testified that after the fight they went down the street, he on one side and Bosquez on the other, and that as he stooped down to get his coat and hat Bosquez threw something at him and hit him on the forehead, and that he, appellant, straightened up and saw Bosquez coming toward him, having something but appellant did not know what it was. He testified that he took his knife out of his pocket because he was afraid Bosquez would hit him,—and he did not know whether he cut Bosquez or not. In his testimony later he repeated substantially the same facts, saying that Bosquez came closer to him with something in his hand, and he thought Bosquez was going to keep on hitting him, and that he took out his knife, and did not know whether he cut Bosquez or not; that Bosquez was facing him and coming toward him when he cut Bosquez. In his cross-examination by the State appellant testified: "I don't remember running after him, starting toward him with my open knife in my hand, and I don't remember Manuel Bosquez running to try to get away from me, and I don't remember finally catching up with him just as he stooped down to try to pick up something to try to defend himself. I do not remember then stabbing him in the left shoulder."

The State's testimony showed that appellant opened his knife and ran after the State witness, and just as the latter stooped to get a rock appellant cut him. Bosquez testified: "I was running and he came at my back and stabbed me. My back was toward him when he stabbed me because I was running, and he stabbed me just as I stooped down to pick up a rock." On this point the trial court told the jury that if they believed from the evidence that at the time appellant made an assault upon Bosquez, if he did make one wih a pocket knife, said Bosquez had made, was making or was about to make an attack upon defendant, or if it so appeared to defendant, viewed from his standpoint at the time; then the jury were told that appellant had the right to defend himself, and would under no circumstances be required to retreat. We find no evidence in the record indicating that appellant advanced upon Bosquez to prevent a further assault on the part of Bosquez, and hence are of opinion that there is no support in the testimony for the spe-

cial charges seeking to have the jury told that appellant had the right to advance upon his assailant to prevent further assault. We regret that we are unable to agree with the views, vigorously advanced in the motion and the oral presentation of the case, that it was error for the trial court to decline to give the special charges asked.

The motion for rehearing will be overruled.

*Overruled.*