RUSSELL ARCHER V. THE STATE.

No. 22405. Delivered March 10, 1943.
Rehearing Denied May 5, 1943.

The opinion states the case.

*Pattillo & Smith,* of Houston, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the State penitentiary for a term of two years.

The State's evidence shows that appellant, a man six feet and one inch tall, 32 years of age, and weighing 210 pounds, killed Monroe Felder, a boy 18 years of age, weighing about 150 or 160 pounds, by stabbing him twice in the chest near the left nipple.

Appellant admitted that he stabbed the deceased but claimed that he did so in self-defense; that the deceased had knocked him down with his fist and that while on the ground he took his pocket knife from his pocket and stabbed him.

Appellant brings forward but one bill of exception in which he complains of the action of the trial court in permitting the District Attorney to ask Mr. Ragan, a Justice of the Peace, if a knife with a blade three or four inches in length, in the hands of the defendant or any other man, would be capable of inflicting death or serious bodily injury, and the witness replied that in his opinion it was. To this inquiry appellant objected on the ground that it was not based on any evidence and was highly prejudicial. Whereupon the District Attorney said that while the question was premature, he would connect it up. Appellant then remarked that the court could admit it but if the State did not connect it up, he would make a motion to strike it out. The record does not show that the State introduced any evidence as to the size of the knife used by appellant in the commission of the offense, nor did appellant move to strike out the testimony. The court qualified the bill and in his qualification thereof, among other things stated that the defendant agreed that the witness could testify to the matter out of order and if the State did not prove it, he would ask the court to strike it and instruct the jury not to consider it for any purpose. Under the facts stated in the bill and the qualification of the court, it occurs to us that appellant waived his objection when he failed, at the close of the evidence, to request the court to strike it and instruct the jury not to consider it

for any purpose. Moreover, it was shown that the deceased was stabbed twice in the chest near the left nipple; that the wounds went into the cavity and that death resulted from the wounds inflicted. Hence the logical inference is that the knife was an instrument capable of inflicting death or serious bodily injury. The jury having assessed the lowest penalty prescribed by law for the offense of murder, it occurs to us that even if the defendant had asked the court to strike and the court had declined to do so, no reversible error would have been committed. Appellant cites us to the cases of Broyles v. State, 27 S. W. (2d) 207, and Shipp v. State, 283 S. W. 520, as sustaining his contention. We have examined both of these cases but do not believe they do so.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again reiterates his objection and claimed exception to the testimony of Mr. Ragan relative to the dangerous character of the pocket-knife used by appellant in causing the death of Monroe Felder. He contends that he excepted to the action of the trial court in allowing such testimony to be presented to the jury. We find from his accepted bill in the court's qualification thereto that he took no exception to the ruling complained of. It is also abundantly proven that appellant, with a knife, struck the deceased and made two gaping wounds in his chest, which soon resulted in death.

We think the original opinion correctly disposed of the single bill of exceptions in the record, as well as the whole case.

The motion is overruled.