The TRAVELERS INSURANCE COMPANY, Appellant,

v.

Wilson DUNN, Appellee.

No. 5661.

Court of Civil Appeals of Texas. El Paso.

Sept. 23, 1964.

Rehearing Denied Oct. 21, 1964.

Max N. Osborn, Thornton Hardie, Jr., Turpin, Kerr, Smith Dyer, Midland, for appellant.

Warren Burnett, Bill Alexander, Odessa, for appellee.

FRASER, Chief Justice.

This is a Workmen's Compensation case wherein appellee obtained a judgment for maximum benefits under the law as the result of findings by the jury that he had sustained total and permanent incapacity from accidental personal injuries.

Appellant presents two points for our consideration, the first being that the trial court erred in excluding evidence that the plaintiff-appellee's witness, designated by

appellant as a "before and after" witness, had been convicted of a felony involving moral turpitude. The second point alleges error on the part of the trial court because it excluded evidence that this same witness was biased and prejudiced because he had a compensation suit of his own pending at the time he testified.

With regard to the first point appellee maintains that the conviction, sought to be introduced in an effort to impeach the credibility of witness Thomas B. Burk, was too remote to entitle it to be admitted in evidence, which is what the trial court held. We must agree with the position of appellee. The witness Burk had been convicted in 1954 for committing what he termed "burglarizing". He apparently served a year and seven or eight days. This matter is set forth in a Bill of Exception, which shows that he admitted the conviction and the punishment, and also that he had been convicted once before some nine years previously, which appellant computes to have been when he was about 18 years of age. This first conviction was also for some sort of breaking in, for which he received a suspended sentence in the State of Oklahoma. There is no dispute but that the conviction of an individual of a crime involving moral turpitude can be admitted for the purpose of impeachment or to attack the credibility of a witness, but such is not admissible if it is too remote. The cases we have examined all indicate that this is a matter resting largely on the discretion of the trial court, which must take into consideration all the facts and circumstances present at the time the testimony is proffered. His decision to admit or exclude the testimony because of remoteness, being one of judicial discretion, will not be disturbed unless it is evident that the trial judge abused his discretion in the ruling made. Some courts even go farther and say that in a case where there is any doubt of the propriety in admitting the evidence of the conviction, the trial court should exclude it. Since witness Burk's release, there is no evidence except that he himself, in the Bill of Ex-

ception, testified that he had been picked up a few times for drinking too much and fighting. According to appellant's calculation, he was 27 years old at the time of the second offense.

We think this question is satisfactorily discussed, reviewed and disposed of in the following cases: Adams v. State Board of Insurance, Tex.Civ.App., 319 S.W.2d 750; United Benefit Fire Insurance Co. v. Stock, Tex.Civ.App., 344 S.W.2d 941. The above cases review the preceding decisions touching on this matter, and in the Adams case the court there says as follows:

"The admissibility of a conviction with regard to its remoteness is a matter which rests within the sound discretion of the trial court. 45 Tex.Jur. 234, Sec. 317; Carr v. De Witt, Tex.Civ. App., 171 S.W.2d 388, ref. want merit; York v. Glenn, Tex.Civ.App., 242 S.W. 2d 653, no writ history; Bunch v. Texas Employers' Ins. Ass'n., Tex.Civ. App., 209 S.W.2d 657, no writ history; Dillard v. State, Tex.Cr.App., 218 S.W. 2d 476; Shipp v. State, 104 Tex.Cr.R. 185, 283 S.W. 520."

The United Benefit Fire Insurance Company v. Stock case, supra, cites the Adams case, among others, and says as follows: "Whether or not under the facts of this case such conviction was too remote to be admissible was a question for the Trial Court in the exercise of its sound discretion." We should like to point out that this decision specifically states, as do others, that the problem depends largely on the facts of the case in question, as noted in the quotation above. The Texas Court of Criminal Appeals, in Lott v. State, 123 Tex.Cr.R. 591, 60 S.W.2d 223 (1933) states that the trial court should carefully ascertain and consider the available facts and circumstances and if, after having done so, there should be left any doubt on the propriety of admitting the evidence, it should be excluded. We have reviewed the record here and do not find that the trial court abused the broad discretion vested in him in a matter of this

nature. It must be remembered that this matter concerned a witness—not a party—nor was his mind being explored as to his qualification for jury duty. He was one of several witnesses, including a doctor, and while his testimony was perhaps the strongest of any lay witness, his was not the only lay testimony, the record showing that one Cox, the appellee's wife, and one James E. Morris also testified in plaintiff's behalf and in support of plaintiff's claim.

There is considerable discussion in the briefs as to when the time relating to the remoteness of the crime should be computed, some courts holding that the remoteness should begin at the time of his incarceration or conviction, others holding that it should begin to run only upon his release from confinement. We do not think that a definite rule can be laid down as to that point; and, in any event, the matter before us involves only the difference of a year and seven days whichever way the matter is computed. Also, by the same token, we feel that there cannot be any definite number of years set up as a time limit defining "remoteness". This matter is discussed by some of the decisions and, we feel, correctly disposed of in the two cases cited above which state that the trial judge, in exercising his discretion, should take all of the facts and evidence into consideration. We therefore do not believe, as appellant would urge, that any conviction less than ten years remote from the proffered testimony should be admitted, as this would set an inflexible cutting-off point, which we do not think could or should exist where the trial court is endowed with so much discretion and is, in fact, obligated to exercise it.

Turning now to appellant's cases, it will be noted that many of the cases cited are decisions of the Court of Criminal Appeals and involve an actual party or defendant, rather than a witness. For example, in his reply brief the appellant cites Couch v. State, 158 Tex.Cr.R. 292, 255 S.W.2d 223 (1953), wherein the Court of Criminal Appeals says: "It is now well settled that the time of release from confinement rather than the time of conviction shall control in determining the question of remoteness." However, examination of that case reveals that the court relied on, or at least cited, only one case as authority for the statement above set forth. This was the case of Toms v. State, 150 Tex.Cr.R. 264, 200 S.W.2d 174. It involved an appellant appealing from a conviction of murder. The decision recites that he was once before convicted of murder, but this case (which is the one case cited in support of the above quotation), while holding that "remoteness" should be computed from time of release, also states in its own language: "While there is no set rule in years in determining the remoteness of a previous conviction for a felony or crime involving moral turpitude * * *." Even in this case cited by the Court of Criminal Appeals in Couch v. State as authority for its holding cited above, the court specifically says there is no set rule. And of course there couldn't be if the trial judge is vested with broad discretionary powers. Appellant also cites a decision by this court—to-wit, Texas Employers' Insurance Ass'n v. Curry, Tex.Civ.App., 290 S.W.2d 767—and includes in its brief the following quotation from said case:

"The law is well settled in Texas and elsewhere that where a witness in a civil case has been legally charged by indictment with an offense involving moral turpitude, and has been legally convicted of such offense in a court of competent jurisdiction, such matters are admissible as evidence touching his credibility as a witness."

We have no fault to find with that statement of law; but in that particular case the facts were considerably different than are the facts present in the case before us. In the Curry case the appellant offered the record, or records, of the two convictions of Curry, including the indictments and the sentences. Curry was not a witness, but was a party, and he had testified contrary to what the records revealed to be the true facts. In other words, he testified that he had been convicted of murder with-

out malice in the one case, when, in truth and in fact, he was indicted for murder with malice; and in the other case he testified that it was only a misdemeanor, because the stuff was only worth $7.50 that he stole, but the indictment alleged the material to be worth $300.00. So, in the Curry case, we have a party testifying contrary to the actual court records. We therefore do not feel that that case has any application to the matter before us. The only consideration that we have to dispose of here is the matter of remoteness; and, as we have said above, having examined the record we do not think the trial judge abused his discretion in excluding evidence of the witness' prior conviction. Appellant's first point is therefore overruled.

▉ Appellant's second point charges the trial court with error in excluding evidence offered to show bias or hostility, to the effect that this same witness had a pending compensation suit. The Bill of Exception reveals that this suit was in Montague County, and that witness was represented by an attorney from Wichita Falls, Texas. It is also, we think, worth noting that the witness himself, during his testimony, stated as follows:

"Q   You don't know how he could get along doing that kind of work, do you?

"A   No, sir. Like I stated, I don't believe he could do it, but I have no doctor's knowledge, you know."

This testimony, of course, doubtless went into the trial court's consideration of the matter. Here again it must be noted that Burk was not a party, only a witness, and counsel was not exploring his mind as a prospective juror. Then, too, the trial court permitted the witness to testify only as to what he knew based on his observation of the plaintiff-appellee, rather than opinion. In his testimony relative to appellant's second point contained in the Bill before us, he states as follows:

"Q   I appreciate the fact that he knows about it, but you are trying to help each other in the matter. Is that right?

"A   Well, no, I just came to tell the truth."

We include these excerpts only to illustrate what the trial judge heard. Apparently he chose to believe these statements, and they undoubtedly played a part in the rulings that he made and, of course, must have influenced him in exercising the discretion vested in him with regard to the said rulings. Of course the fact that a witness has a similar suit pending is not a disqualification, and appellant cites us no cases to that effect in its brief, but relies on quotations from the textbook of McCormick & Ray. These quotations are all to the effect that a witness may be impeached by a showing of interest, bias, prejudice or other motive which tends to affect his credibility. Examination of the record and the Bill of Exception does not show that the appellant was successful in showing any bias or prejudice, and we therefore feel that no reversible error was committed in excluding this matter under the circumstances and based on the record itself. We do not wish to take the position that such testimony is inadmissible. We think it generally is admissible, but we don't think its exclusion here was reversible error because, again, after hearing the testimony contained within the Bill, the trial court was vested with discretion in deciding whether this testimony was admissible or sufficient, or useful, in impeaching or attacking the credibility of the witness. Appellee cites the following cases as authority for the statement that the trial court must, in his discretion, decide whether or not the mere fact that the witness had filed a claim or suit for Workmen's Compensation was strong enough evidence to form the basis of an inference of hostility or partiality: Texas Employers Insurance Ass'n. v. Spivey, Tex.Civ.App., 286 S.W.2d 197 (n. r. e.); Texas Employers Insurance Ass'n. v. Garza, Tex.Civ.App., 308 S.W.2d 521 (n. r. e.). The information presented to us here does not indicate that the trial court did abuse his discretion, and

we so hold. Appellant's second point is therefore overruled.

It must also be noted that the testimony from the witness Burk was cumulative; for, as we have pointed out, there were other lay witnesses and strong medical testimony. All of these things, of course, went into the matter of discretion by the trial judge.

Appellant's two points of error having been overruled, the decision of the trial court is in all things affirmed.