### JOSEPH LINZ & BRO. v. J. D. SKINNER.

#### No. 1991.

**Witness—Impeaching Credibility.**

It is permissible, upon cross-examination of a witness, and for the purpose of impeaching his credibility, to show that he has been indicted and prosecuted for perjury and other crimes, but such prosecutions, after a lapse of ten years or more, it seems, would be too remote.

APPEAL from Wichita. Tried below before Hon. GEO. E. MILLER.

*A. M. Thomason* and *Templeton & Patton*, for appellants.—When a witness is cross-examined he may be asked any question which tends

to test his accuracy, veracity, or credibility, or to shake his credit by injuring his character. He may be compelled to answer any such question, however irrelevant to the facts in issue, and however disgraceful the answer may be to himself, except where the answer might expose him to a criminal charge. Corrall v. State, 24 S. W. Rep., 100; Wilson Crim. Stat., sec. 2511; Reel v. The People, 42 N. Y., 270; Thompson, Trials, 458; Greenleaf's Evidence, 455; 1 Best, Evidence, 130.

No brief for appellee reached the Reporter.

STEPHENS, ASSOCIATE JUSTICE.—Appellants, plaintiffs below, sued out an attachment against the property of appellee, which was quashed upon the ground that the word "against" had not been inserted in the condition of the attachment bond between the words "adjudged" and "them." In answer to the motion to quash, appellants, through the affidavit of their attorney, charged that this word had been erased after the filing of the bond, which was denied by the affidavit of the attorney for the motion.

On the issue thus made, which was submitted to the jury, the evidence was painfully conflicting, the attorney who drew the attachment papers testifying to the erasure, and the attorney for the motion, to the contrary. Both were corroborated by expert testimony. If erasure there was, it must have been the work of the latter attorney. For the purpose of affecting the credibility of his testimony, appellants offered to show, upon cross-examination of the witness, that he had been twice indicted for embezzlement and once for perjury, but the evidence was excluded; and to that ruling the principal error is assigned.

We had occasion to consider this question in the case of Texas & Pacific Coal Co. v. Lawson, 31 S. W. Rep., 843, and found the authorities upon it conflicting and unsatisfactory, but finally concluded that the latest cases in this State sanction the admissibility of such testimony, on cross-examination. That conclusion, rather than the opposite, we still approve as being more conducive to the ends of truth and justice. For an interesting review of the authorities bearing on the question, see the able opinion of Judge Simkins in the Carroll case, 24 S. W. Rep., 100.

The embezzlement prosecutions, however, after the lapse of about ten years or more, were probably too remote, and might have been properly excluded upon that ground; but the perjury indictment does not appear to have been subject to this objection, had it been urged thereto. It clearly had a tendency to affect the credibility of the witness.

The judgment will therefore be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered November 16, 1895.