# MILLER v. BRAND.

## No. 8495.

Court of Civil Appeals of Texas. San Antonio. Nov. 12, 1930.

Rehearing Denied Dec. 10, 1930.

Nelson Lytle, of San Antonio, for plaintiff in error.

Cunningham, Moursund & Johnson, of San Antonio, for defendant in error.

SMITH, J.

This suit originated in a justice of the peace court, and involves an open account for $73 and a cross-action for $150. The cause was tried in the justice court, was appealed to the county court, and from an adverse judgment therein, plaintiff in error prosecuted writ of error to this court.

This appeal is predicated upon two propositions of law, first, that the judgment is not supported by sufficient competent evidence; and, second, that the trial court erred in admitting certain testimony designed to impeach plaintiff in error's credibility as a witness. We overrule the first proposition, for the reason that there is material evidence to

sustain findings sufficient to support the judgment.

During the trial, while plaintiff in error was under cross-examination by his adversary, he was required to testify over appropriate objections that "he had been con-' victed of horse theft in Atascosa County, Texas, about thirty years ago, when he was a young man and a stranger in the community; that stolen horses had been put in his pasture by Mexicans; that he had nothing to do with it; that the Sheriff told him to plead guilty and he would get him out right away which he did; that he was sent to the penitentiary and the Sheriff did not get him out and he served nearly two years when his friends got him out." The admission of this testimony was palpably erroneous, and, had the trial been by jury, it would be incumbent upon this court to reverse the judgment. But the trial was by the court without a jury, and it is inconceivable that the learned and just trial judge gave any consideration to this highly improper evidence, or permitted it to influence him in passing upon other evidence, properly admitted. The presumption is that, when the objectionable testimony was all in, disclosing its inadmissibility, the trial judge rejected it for all purposes, and gave no further heed to it. Its admission, therefore, does not warrant reversal.

The judgment is affirmed.