**CARR v. DE WITT.**

No. 5545.

Court of Civil Appeals of Texas. Amarillo.

April 12, 1943.

Rehearing Denied May 17, 1943.

Dick Young and C. F. Stevens, both of Houston, for appellant.

Moss & Moss, of LaGrange, for appellee.

PITTS, Chief Justice.

This is a suit filed on November 17, 1941, in the County Court of Fayette County by appellants, Robert Carr, individually, and as next friend for J. B. Carr, a minor, against appellee, Dean DeWitt, to set aside and hold for naught a judgment previously entered by said county court on May 12, 1941, admitting to probate the will of R. C. Carr, deceased. Appellants alleged that the said R. C. Carr, deceased, was not of sound mind or memory when he executed the will on August 24, 1940, and that he was unduly influenced by appellee, Dean DeWitt, and others to make said will, and attached to their pleadings, and made a part thereof certified copies of the will and order of the probate court admitting the will to probate. Appellees denied generally and singularly appellants' allegations.

The county court denied the relief prayed for by appellants, who perfected their appeal to the District Court of Fayette County, where a trial was had de novo before a jury, who found that R. C. Carr, deceased, had sufficient testamentary capacity to make his will on August 24, 1940, and that appellee, Dean DeWitt, did not use undue influence to procure the signing of the will by deceased. Upon the jury verdict the trial court rendered judgment for appellee, from which judgment appellants perfected this appeal, after their motion for a new trial was overruled by the trial court, to the Court of Civil Appeals of the Third Supreme Judicial District at Austin and the same was transferred to this court by the Supreme Court of Texas.

Appellants predicate their appeal upon two points or assignments of error. The first is that the trial court erred in his refusal to permit appellants to prove that R. C. (Rowland) Davis, a witness for appellee, had been convicted of a felony theft and given a suspended sentence and that the judgment of conviction had never

been set aside, contending that such testimony was admissible for the purpose of effecting the credibility of the witness. Appellee answered that the trial court did not err since the conviction of the witness was more than ten years previous to the time his testimony was given in the trial court and therefore too remote for admittance as to his credibility and that the testimony of the witness was not material enough to warrant a reversal of the case anyway.

The statement of facts discloses on pages 15 and 16 that the witness, Rowland Davis, testified briefly, his testimony covering not over one page. He testified on direct examination that he had known R. C. Carr thirty-eight years before his death and saw him frequently; that he (witness) sat up with him after his stroke and talked to him; that Carr told him (witness) that he had willed his property to Dean DeWitt and his wife and was proud of it because they had made him a good home and that "there was no change in his mental condition; his mind was sound then and ever since I knew him." On cross-examination the witness testified that his daughter married Dean DeWitt's brother; that he visited Carr in the hospital and they talked about things in general; that Carr talked about like he always talked and told him (witness) that he had willed his property to Dean DeWitt. The record reflects no objection was made to any of the above testimony. Then five other witnesses were called by appellee in succession, all of whom testified according to the record. Following the testimony of these five witnesses, on pages 23 to 26, both inclusive, of the statement of facts, the further cross-examination of the witness, Rowland Davis, was given after the jury was excused, showing that witness was convicted in the District Court of Fayette County on May 18, 1932 for hog theft and given a suspended sentence and that the sentence had never been set aside. (The record no where discloses the length of suspended sentence given.) Counsel for appellants offered to have the testimony given in the presence of the jury when appellee's counsel objected on the grounds that it was too remote. The trial court sustained appellee's objection, after which the record discloses the following:

"Mr. Drew Davis: Judge, will you let us have a full bill on this later?

"The Court: No, sir, take the bill right now. That is unfair to the opposing counsel and unfair to the court not to take it now."

The jury was brought in and no further testimony was given.

The record discloses that the case was tried in the district court on May 20, 1942. The record does not disclose when the cross-examination of witness, Rowland Davis, relative to his conviction for a felony and given a suspended sentence was heard by the trial court with reference to his testimony given on the merits of the case. Appellee contends appellants waived their right to raise the question of the former conviction of the witness since they waited until after they had gotten all they wanted out of the witness and then found something in his testimony that they didn't like. The court held in the case of Johnson v. Alexander, 14 Tex. 382: "Objections to the competency of a witness ought, generally, to be taken before he is examined in chief. A party, aware of the interest, will not be permitted to examine a witness, and then object to his competency, if he dislike the testimony."

Both the civil and criminal courts have had much to say on the subject of remoteness of a felony conviction and its tendency to discredit a witness but it seems no definite rule has been established as to when to admit and when to reject the testimony of a witness who has been previously convicted of a felony that involved the question of moral turpitude. The civil courts have quoted various texts and cited numerous criminal cases on the subject and it seems the civil courts have generally held that such a matter depends upon circumstances and that the question should usually be left to the discretion of the trial judge so long as he does not abuse his discretion, after he has had an opportunity to consider all the facts and circumstances. 70 C.J. 895, 896; 45 Tex.Jur. 121, par. 255, and authorities thereunder cited, together with the following cases: Bernard's, Inc. v. Austin, Tex.Civ.App., 300 S. W. 256; Anderson v. State, 113 Tex.Cr. R. 450, 21 S.W.2d 499; and Texas Motor Coaches, Inc., v. Palmer et ux., Tex.Civ. App., 97 S.W.2d 253, and numerous other authorities thereunder cited.

Some authorities hold that ten or more years subsequent to a conviction is suffi-

cient time to make the question too remote, 45 Tex.Jur. 111, 112, par. 250, and Linz et al. v. Skinner, 11 Tex.Civ.App. 512, 32 S.W. 915.

■ On the question of the materiality of the testimony of the witness, Rowland Davis, it is a well-established rule that his testimony must be material before an attempt to discredit it should be heard. The record discloses that the most positive testimony of any witness for appellants on the issue of the deceased, R. C. Carr, being of unsound mind when he wrote his will was that given by witness, George A. Bigley, who testified that "I would say R. C. Carr was not right after the stroke at no time. I am of the opinion he did not know me when I saw him on August 24, 1940." The proof showed witness had been well acquainted with Carr for several years and had been associated with him before and after he wrote the will. Witness Rowland Davis testified without objection that he knew R. C. Carr before and after his stroke and that "There was no change in his mental condition; his mind was sound then and ever since I knew him." Five other witnesses testified for appellee that they knew deceased Carr and that he was of sound mind. Max Marburger testified, "I know he was not affected mentally after his stroke. At no time that I know of. was Carr's mind affected." Douglas Arnim, an attorney who wrote Carr's will, testified, "I wrote his will according to his instructions. He was mentally sound when he signed the will." Harvey Womble, who was a witness to Carr's will, testified, "I saw nothing to indicate that he was of unsound mind or nothing to make me think otherwise than that he was of sound mind." Nick Miller testified, "I never saw him at any time in such a state or condition that he didn't know what he was doing." Maynard Hallmark testified, "Carr was rational every time I talked with him." In addition, Dr. John Guenther testified in response to hypothetical questions very favorable to appellee on the condition of Carr's mental condition.

■ It seems there was little, if any, issue on the question of R. C. Carr's having sufficient mental capacity to make his will, and witness Rowland Davis did not testify in connection with any other issue in the case. It seems, therefore, that his testimony was not very material, if at all. Under all the facts and circumstances, it is our opinion that the trial court did not abuse his discretion in excluding from the jury the testimony of witness Rowland Davis at the time it was offered relative to his conviction of a felony on May 18, 1932, and appellants' first point or assignment of error is overruled.

Appellants' second point or assignment of error is that the trial court erred in his refusal to grant a new trial because of improper argument of counsel for appellee before the jury. Appellee answered with a counter point that his counsel was not guilty of improper argument; that he had a right to argue before the jury matters that were alleged by appellants in their pleadings and supported by the evidence and appellee also challenges the sufficiency of appellants' bystanders bills about the argument of which they complain. Appellants in their second point complain that appellee's counsel made the following argument to the jury: "Bob Carr's will was probated in the county court and that probate of the will proved that he was of sound mind," to which argument appellants claim they objected and such was overruled by the court and that they prepared a bill of exception, which the trial court refused to sign but prepared a qualification to said bill, which appellants treat as a bill prepared by the court. Appellants in their attempt to comply with article 2237, section 9, of the Revised Statutes, Vernon's Ann.Civ.St. art. 2237, secured the affidavits of Mrs. Alma Carr, the mother of appellants, Geraldine Young, the wife of Dick Young, who by his own affidavit says he is "leading counsel for appellants," and Drew Davis to bystanders bills setting forth that Honorable Ed H. Moss, attorney for appellee made the following argument to the jury: "Bob Carr's will was probated in the county court and that probate of the will proved that he was of sound mind and the burden of proof is on the contestants to prove he was of unsound mind," and filed same, which are reflected in the transcript. It seems that appellants do not complain about the last part of the statement quoted above, to-wit: "and the burden of proof is on the contestants to prove he was of unsound mind". At least, this part of the above statement is not included in their second point or assignment of error. Appellee contested the bystanders bills by procuring the affidavits of Lee Munsch of date July

29, 1942, John Hanacek of date July 28, 1942, and Rud G. Pietz of date July 30, 1942, each taken more than two months after the date of the trial and each swearing that he was a juror in the trial court and heard all the argument in the case and that "attorney Edw. H. Moss did not say anything as to what the verdict or judgment was in the county court, all that the jury knew and could know about the verdict and judgment in the county court was from the pleadings in the case and evidence that was produced in the trial." Appellee procured the affidavits of Maynard Hallmark and N. F. Miller to the effect that Alma Carr is the mother of appellants; Geraldine Young is the wife of Dick Young, attorney for appellants, and that Drew S. Davis was one of the attorneys interested in the trial of the case and that they were all interested persons. The three affiants as bystanders denied under oath any interest in the case and Drew S. Davis and Dick Young made affidavits that Drew S. Davis was not an attorney in the case. Notwithstanding the affidavits of Drew S. Davis and Dick Young to the contrary, Dick Young and C. C. Jopling as attorneys for appellant, and Edw. H. Moss as attorney for appellee, subsequently approved a statement of facts certified by the court reporter to be correct. The statement of facts shows "Mr. Drew S. Davis" as one of the attorneys appearing in the trial court for appellants and page 26 of the statement of facts shows that the last voice raised in behalf of appellants in connection with appellants' first assignment of error was that of "Mr. Drew Davis" when he said, "Judge, will you let us have a full bill on this later?" as set out above in this opinion.

■ It is, therefore, our opinion that Drew S. Davis was an attorney in the case and was therefore an interested party who is not eligible under the law to make a valid bystanders bill. Glover v. Pfeuffer, Tex.Civ.App., 163 S.W. 984, writ refused; Ely v. Lasch, Tex.Civ.App., 11 S.W.2d 593.

■ Numerous authorities hold that "bystanders" should be parties who are not concerned with the business transacted but should be respectable persons that are disinterested. It is doubtful if the mother of appellants or the wife of Dick Young, leading counsel for appellants, in this case could be considered disinterested parties but, since the statute requires three affiants as bystanders for a bill and, since same is supported by numerous authorities holding that there must be three affidavits from persons exclusive of lawyers and parties in the case, the question of interest, if any, of the other two affiants is not material.

■ Appellants complain that the affidavits of jurors made in behalf of appellee in the case are not permissible, but the case of Alamo Iron Works v. Prado, Tex. Civ.App., 220 S.W. 282, writ dismissed holds that jurors are eligible to sign bystanders bills after they are dismissed from the panel in the trial of the case, as they had been in this case, but that is not now material in this case.

Appellee contends that if his counsel had made the statements with which he was charged before the jury he would have been justified since appellants alleged that the will of R. C. Carr was admitted to probate in the county court and attached copies of the will and of the judgment of the county court admitting the will to probate to his petition and made them a part thereof and that they were before the trial court for all purposes. Said copy of the judgment so attached shows on its face that the probate court admitted the will to probate and found R. C. Carr to be "of sound mind." This must have been read to the jury since it supports the affidavits of the jurors, but this question is not now material.

■ Because appellants did not have affidavits from three disinterested parties for their bystanders bills as the law requires, their second point or assignment of error probably should not be considered by this court but we have considered same nevertheless and find no merit in it.

The judgment of the trial court is therefore affirmed.