NO. 07-11-0351-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 16, 2012

ELIAZAR ARZATE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

FROM THE 31ST DISTRICT COURT OF LIPSCOMB COUNTY;

NO. 1220; HONORABLE STEVEN RAY EMMERT, PRESIDING

*Memorandum Opinion*

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Eliazar Arzate, was convicted of the felony offense of driving while intoxicated, third. He claims that the evidence is insufficient to establish that he was intoxicated. We affirm the judgment.

We review challenges to the sufficiency of the evidence under the standard discussed in *Brooks v. State,* 323 S.W.3d 893 (Tex. Crim. App. 2010). Furthermore, the State was required to prove that appellant was intoxicated while operating a motor vehicle in a public place, TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2011), and that

he had twice before been convicted of the same offense. *See id.* § 49.09(b)(2). Due to the lack of a breath or blood test to determine the alcohol content within appellant's body, the State had to establish that appellant was intoxicated because he did not have the normal use of his mental or physical faculties because he ingested alcohol. *Id.* § 49.01(2)(A) (West 2011).

Next, the record before us contains evidence of the following: 1) a high school coach witnessed appellant in a vehicle spinning its tires in the school parking lot, 2) the coach attempted to speak with appellant, could not understand his reply, and thought appellant to be either drunk or high, 3) when told to remain in the lot, appellant drove away, 4) another witness saw a vehicle similar to that being driven by appellant strike another vehicle in a nearby elementary school parking lot and drive away without stopping, 5) an officer dispatched to the area was stopped by an unknown person who identified appellant as the individual who was in the vehicle, 6) the officer knew who appellant was and located him at a nearby hotel within ten to fifteen minutes, 7) appellant was spinning his tires in the hotel lot when first seen by the officer, 8) when the officer pulled in behind appellant, the latter put his vehicle into reverse and struck the officer's squad car, 9) the officer smelled alcohol on appellant's breath and noticed that his eyes were red and bloodshot, 10) appellant appeared to have urinated on himself, 11) appellant was agitated, disorderly, and verbally abusive toward the officer, 12) after his arrest, appellant left the officer's vehicle at one point without permission, 13) appellant did not grant the officer's request to give a breath sample or execute a

2

document indicating his refusal to undergo the test, and 14) the officer testified that he felt appellant was intoxicated.[1]

Evidence of intoxication may include bloodshot, glassy eyes and the odor of alcohol, *Cotton v. State,* 686 S.W.2d 140, 142-43 (Tex. Crim. App. 1985) as well as erratic driving and post-accident behavior, *Kirsch v. State,* 306 S.W.2d 738, 745 (Tex. Crim. App. 2010). Evidence of a refusal to take a breath test may also be considered by a jury. *Bartlett v. State,* 270 S.W.3d 147, 152 (Tex. Crim. App. 2008). Moreover, testimony from a police officer regarding the defendant's behavior and the officer's opinion that the defendant was intoxicated is also evidence that can support a conviction. *Annis v. State,* 578 S.W.2d 406, 407 (Tex. Crim. App. 1979). Given this authority and the evidence described above, we conclude that the record contains some evidence upon which a rational factfinder could conclude, beyond reasonable doubt, that appellant was driving while intoxicated.

To the extent that appellant cites us to evidence about 1) the officer's lack of experience and failure to use his training, 2) the lack of other signs of intoxication such as stumbling, swaying, and the failure to follow commands, 3) the failure of the school coach to smell alcohol on appellant's breath, 4) the failure of the other witness to identify appellant or his vehicle as being a four-door model, and 5) the absence of the DIC-24 form (indicating appellant's refusal to undergo a breath test) from appellant's

---

[1] A video of appellant allegedly spinning his tires in the school lot and then driving onto a yard across from the lot was also admitted into evidence. Whether those circumstances were actually depicted on the video is unknown because the compact disc provided this court could not be opened and viewed. This leads us to opine that the software or equipment used to create and show such electronic evidence must be uniform between the trial and appellate courts. Otherwise, our ability to perform what is required of us under the pertinent standard of review is hampered.

property that was seized at the jail, those matters simply raised questions of fact and witness credibility. It lay within the factfinder's authority to resolve them, and they do not *ipso facto* mandate an acquittal.

The verdict has sufficient evidentiary support per *Brooks.* Thus, we overrule the sole issue raised and affirm the judgment.


Brian Quinn
Chief Justice

Do not publish.